KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, NY 10036
Tel. (212) 972-3000
Fax. (212) 972-2245

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| WASTE SERVICES, INC.[1], | Case No. 19-_____ (RDD) |
| Debtor. | |

### DECLARATION OF JOSEPH SPIEZIO, III PURSUANT TO
### LOCAL BANKRUPTCY RULES 1007-2 AND 9077-1

Joseph Spiezio, III, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am the President and sole shareholder of Waste Services, Inc. ("Debtor" or "Company"). In accordance with the Local Bankruptcy Rules ("L.B.R.") 1007-2 and 9077-1 of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), I submit this declaration ("Declaration") in connection with the above-captioned Chapter 11 case (the "Chapter 11 Case").

2. I am familiar with the business and financial condition of the Debtor. In making any and all financial representations in this Declaration, I am relying on my own personal knowledge and

---

[1] The Debtor's principal office is located at 444 E. Boston Post Road, Suite 210, Mamaroneck, New York 10543. The last four digits of its taxpayer identification number are 1432.

1

on financial statements and other financial information as compiled, prepared and/or submitted to me by employees and agents of the Debtor. Unless otherwise indicated, all financial information contained herein is presented on an unaudited basis.

3. If I were called to testify, I would testify competently to the facts set forth in this Declaration and I am authorized to submit this Declaration on behalf of the Debtor.

I. **Required Contents of Declaration**

    A. Nature of Debtor's Business.

4. In 2012, I acquired the Company, which was then known as Frontline Waste Management Corp. The Debtor operates a waste removal business operating in Westchester and Putnam counties and is licensed by the Westchester County Solid Waste Commission. The Company has contracts with the municipalities of Village of Pelham, New York and the Village of Rye Brook, New York, providing residential waste removal services for over 7000 residences combined. In addition, the Company has more than 1000 commercial and industrial customers. The removed waste is transported by the Company to local transfer stations and then transported out of New York State by third parties.

5. The Company operates a fleet of approximately twenty-five (25) vehicles, including front-loading and rear-loading vehicles, roll-off vehicles for construction and demolition materials, as well as servicing waste compactors for larger commercial businesses.

6. The Debtor has no employees. A non-debtor affiliate, ECSI America, Inc. ("ECSI"), supplies personnel and pays all wages and benefits. The Debtor reimburses ECSI for providing such personnel.

B. <u>Organizational and Capital Structure.</u>

7. The Debtor is incorporated under the Business Corporation Law of the State of New York. I am the sole shareholder, sole member of the Board of Directors, and the President of the Debtor.

8. The Debtor has a revolving line of credit (the "<u>TWB Line</u>") with The Westchester Bank (the "<u>TWB</u>") in the maximum amount of $300,000.00, which is fully drawn. The TWB Line is evidenced by a Promissory Note and Commercial Security Agreement dated as of May 30, 2018 (the "<u>TWB Security Agreement</u>"). The TWB Line is secured by a lien on substantially all of the Debtor's assets, including inventory, equipment, accounts, chattel paper, instruments and the other Collateral (as defined in the Security Agreement).

9. The Debtor also assumed a liability of Rogan Brothers Sanitation, Inc. ("<u>Rogan Brothers Sanitation</u>") to Pinnacle Equity Group, LLC ("<u>Pinnacle</u>"), an entity which certain members of my family are members. The liability was assumed in connection with a transaction whereby the Debtor acquired certain assets of Rogan Brothers Sanitation. The Rogan Brothers Sanitation liability was evidenced by a promissory note in the original principal amount of $850,000 and a security agreement dated January 3, 2011 (the "<u>RBS Security Agreement</u>"). Pursuant to the RBS Security Agreement, a security interest in certain commercial routes, customer lists, and various equipment was granted to Pinnacle.

10. To the extent applicable, TWB and Pinnacle have consented to the Debtor's use of their cash collateral without the need of an order of the Bankruptcy Court.

11. In addition, certain of the Debtor's vehicles and equipment is financed, with the applicable lender having a lien on the applicable piece of equipment, all as set forth in the Debtor's

Schedules of Assets and Liabilities, filed contemporaneously herewith. The aggregate balance due on the financed vehicles and equipment is approximately $4.2 million.

12. The Debtor also is also indebted to trade and other general unsecured creditors in the approximate amount of $3.7 million.

C. <u>Need for Filing.</u>

13. Historically, the Debtor has been a financially healthy company. Just prior to the date hereof (the "<u>Petition Date</u>"), I was in negotiations with Oak Ridge Waste and Recycling Services of CT, LLC ("<u>Oak Ridge</u>") to sell a small portion of the Company's business operating in northern Westchester County and eventually negotiate further sales and to retire from the industry. However, there are two litigations pending against the Debtor and others that precluded both endeavors.

14. The first litigation, which consolidated two separate accounts in which the Debtor was a named party, *The Trustees of the Local 813 Insurance Trust Fund, et al. v. R&S Waste Services, LLC, et al.* (the "<u>Union Litigation</u>") and both cases were settled in November 2018 pursuant to a Settlement Agreement (the "<u>Settlement Agreement</u>"). The Settlement Agreement required the parties thereto to pay the plaintiffs $1,250,000 on December 31, 2018, $1,250,000 on January 31, 2019 and $300,000 on February 28, 2019. The January 31, 2019 payment was not made. Pursuant to the Settlement Agreement, a signed affidavit of confession of judgment by the Debtor and myself was to be held in escrow pending completion of the payments under the Settlement Agreement. The Settlement Agreement further provided that if there was a default in payment, after five (5) days' notice, the plaintiffs were authorized to file the affidavit of confession of judgment.

15. The second litigation, the *National Labor Relations Board v. R&S Waste Services, Inc., et al.* (the "<u>NLRB Litigation</u>"). In the NLRB Litigation, the United States District Court for the

Southern District of New York issued an *ex-parte* Writ of Attachment and Protecting Restraining Order (the "Restraining Order"). Although the Debtor believes it has strong defenses in the NLRB Litigation, the Restraining Order precludes a sale outside a bankruptcy case.

16. On the date hereof, TWB froze the Debtor's main operating account at TWB at the National Labor Relations Board.

17. With the overhang of the Union Litigation and the NLRB Litigation, only a sale under section 363 of Title 11, United States Code (the "Bankruptcy Code") is viable.

D. Purpose of Filing

18. The Debtor intends to use the protections and resources of Chapter 11 to maximize the value of its assets. Soon after the Petition Date, the Debtor intends to file a motion to begin to sell portions of its assets to Oak Ridge, subject to higher and better offers, pursuant to section 363 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances and other interests (the "Oak Ridge Sale").

19. In time, it is my intention to sell substantially all of the Debtor's assets. I believe the overall value of the Company is sufficient for all creditors to be paid in full, with a return to equity.

E. Debtor's Case Not Originally Commenced Under Chapter 7

20. The Chapter 11 Case was not originally commenced under chapter 7 of the Bankruptcy Code. Accordingly, L.B.R. 1007-2(a)(2) is not applicable.

F. Pre-petition Creditors' Committee

21. In accordance with L.B.R. 1007-2(a)(3), to the best of the Debtor's knowledge, no pre-petition creditors' committee has been formed.

G. Holders of the Twenty Largest Unsecured Claims

22. In accordance with L.B.R. 1007-2(a)(4), a list setting forth the Debtor's twenty (20) largest unsecured creditors excluding those persons who constitute "insiders" under Bankruptcy Code section 101(31) of the Debtor is attached hereto as **Exhibit 1**. As required by L.B.R. 1007-2(a)(4), Exhibit 1 includes the creditors' names, addresses, telephone numbers (for persons familiar with the account, if available), amount of each claim, and an indication of whether the claims are contingent, unliquidated or disputed.

H.  Holders of Five Largest Secured Claims

23. In accordance with L.B.R. 1007-2(a)(5), a list of the Debtor's five (5) largest secured creditors is attached hereto as **Exhibit 2**.

I.  Summary of Assets and Liabilities

24. As required by L.B.R. 1007-2(a)(6), a summary of the Debtor's assets and liabilities is attached as **Exhibit 3**.

J.  Debtor's Securities.

25. The Debtor does not have any stock that is publicly held. I am the sole shareholder of the Company.

K.  Property in Possession or Custody of Custodian

26. In accordance with L.B.R. 1007-2(a)(8), the Debtor has no property in possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent for any such entity.

L.     <u>Premises Where the Debtor Conducts Business</u>

27.     In accordance with L.B.R. 1007-2(a)(9), the Debtor's principal office is located at 444 E. Boston Post Road, Suite 210, Mamaroneck, New York 10543. The Debtor's principal assets are at a yard located at 275 Washington Street, Mt. Vernon, New York 10550.

M.     <u>Location of Debtor's Assets and Books and Records</u>

28.     Pursuant to L.B.R. 1007-2(a)(10), the majority of the Debtor's books and records are located at the Debtor's office at 444 E. Boston Post Road, Suite 210, Mamaroneck, New York 10543.

N.     <u>Threatened or Pending Actions Against the Debtor</u>

29.     Pursuant to L.B.R. 1007-2(a)(11), a list of pending or threatened actions is annexed hereto as **Exhibit 4**.

O.     <u>The Debtor's Senior Management</u>

30.     Pursuant to L.B.R. 1007-2(a)(12), the Debtor's senior management consists of:

> <u>Joseph Spiezio, III, President</u>: I was born and raised in Westchester County, New York. I have a bachelor of science degree from St. John's University and a law degree from CUNY School of Law. In addition to operating the Debtor's business for the last seven years. I have also built and operated a family-owned business that has developed commercial, industrial and residential properties in several states.

II.     **Additional Information Required by L.B.R. 1007-2(b)**

31.     In accordance with L.B.R. 1007-2(b), the Debtor intends to continue the operation of its business and the management of its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

32.     In accordance with L.B.R. 1007-2(b)(1), the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day

period following the Petition Date is approximately $0.00. As stated above, ECSI provides the Debtor's personnel and the Debtor reimburses ESCI. This amount is approximately $180,000.00 per month.

33. In accordance with L.B.R. 1007-2(b)(2)(A), the amounts paid and proposed to be paid for the thirty (30) day period following the Petition Date for services rendered by the Debtor's officers is approximately $15,000.00.

34. The Debtor does not expect to retain a financial or business consultant, therefore L.B.R. 1007-2(b)(2)(C) is not applicable.

35. In accordance with L.B.R. 1007-2(b)(3), a schedule of estimated receipts and disbursements is attached hereto as **Exhibit 5**.

### III. Conclusion

36. The Debtor believes that the protections afforded by chapter 11 will enable it to maximize the value of the Debtor, for its creditors and its estate.

Dated: New York, New York
      February 13, 2019

                                            /s/ Joseph Spiezio, III
                                            Joseph Spiezio, III
                                            President

# Exhibit 1

# Twenty (20) Largest Unsecured Claims

| Creditor Name, Address, Contact Name, Telephone Number and Email Address, Where Available | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of Claim |
|---|---|---|---|
| Trustees of the Local 813 Insurance Trust<br>c/o Proskauer Rose LLP<br>11 Times Square<br>New York, NY 10036<br>Attn: Anthony S. Cacase, Esq.<br>acacace@proskauer.com<br>(212) 969-3307 | Settlement Agreement | | $1,550,000.00 |
| Waste Management<br>PO Box 13648<br>Philadelphia, PA 19101<br>Attn: Keith Higgins<br>(718) 553-5291 | Unpaid invoices | | $233,410.27 |
| Gabrielli Truck Sales<br>153-20 South Conduit Avenue<br>Jamaica, NY 11434<br>Attn: Linda Mazza<br>lmazza@gabriellitruck.com<br>(866) 225-2419 | Unpaid invoices | | $34,186.76 |
| Tire Buys<br>283 Lexington Avenue<br>Mount Kisco, NY 10549<br>(914) 666-2153 | Unpaid invoices | | $32,989.67 |

| | | | |
|---|---|---|---|
| American Express Travel Related Services<br>200 Vesey Street<br>New York, NY 10285<br>c/o Jaffe & Asher LLP,<br>Attn: Dennis Pons<br>dpons@jaffeandasher.com | Settlement Agreement | | $30,000.00 |
| Wheelabrator Westchester<br>PO Box 842226<br>Boston, MA 02284 | Unpaid invoices | | $19,375.57 |
| Waste Management of NY<br>PO Box 13648<br>Philadelphia, PA 19101<br>Attn: Keith Higgins<br>(718) 553-5291 | Unpaid invoices | | $16,715.06 |
| Atlantic States Lubricants<br>147 Gazza Boulevard<br>Farmingdale, NY 11735<br>(631) 752-1688 | Unpaid invoices | | $11,798.95 |
| Spolzino Smith Buss & Jacobs, LLP<br>733 Yonkers Ave., Suite 200<br>Yonkers, NY 10704<br>Attn: Jeffrey D. Buss, Esq.<br>jbuss@ssbjlaw.com<br>(914) 476-0600 | Unpaid invoices | | $9,000.00 |
| American Express<br>200 Vesey Street<br>New York, NY 10285 | Credit card | | $5,054.00 |
| Signature Financial LLC<br>225 Broadhollow Road<br>Suite 132W<br>Melville, NY 11747 | Unpaid invoices | | $4,684.00 |

| | | | |
|---|---|---|---|
| Orion Energy Corporation<br>147 Gazza Boulevard<br>Farmingdale, NY 11735<br>(631) 845-5430 | Unpaid invoices | | $4,316.59 |
| American Hose<br>700 21st Avenue<br>Paterson, NJ 07513<br>Attn: Grissed Liranzo<br>(973) 684-0214 | Unpaid invoices | | $3,781.43 |
| Oak Ridge Hauling, LLC<br>307 White Street<br>Danbury, CT 06810 | Unpaid invoices | | $3,448.85 |
| City Carting/Somers Sanitation<br>PO Box 17250<br>Stamford, CT 06907 | Unpaid invoices | | $3,210.90 |
| Railroad Transfer Inc.<br>225 Railroad Avenue<br>Bedford Hills, NY 10507 | Unpaid invoices | | $3,204.36 |
| Climax Parts Inc.<br>PO Box 117H<br>Scarsdale, NY 10583 | Unpaid invoices | | $2,748.89 |
| Brewster Paint & Decorating Center<br>38 Argonne Road<br>Brewster, NY 10509 | Unpaid invoices | | $2,647.34 |
| Clean Energy<br>PO Box 678208<br>Dallas, TX 75267 | Unpaid invoices | | $2,630.04 |
| USMC Insurance<br>PO Box 526<br>Solebury, PA 18963<br>sahiya@usmcins.com<br>(215) 647-9600 | Unpaid invoices | | $2,500.00 |

# Exhibit 2

# Five (5) Largest Secured Claims

| Creditor Name, Address, Contact Name, Telephone Number and Email Address, Where Available | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of Claim |
|---|---|---|---|
| Mack Financial Services<br>PO Box 7247-0236<br>Philadelphia PA 19170 | Vehicle liens | | $886,091.29 |
| Pinnacle Equity Group LLC<br>PO Box 568<br>Yonkers NY 10710 | Money loaned | | $850,000.00 |
| National Labor Relations Board<br>26 Federal Plaza, Suite 3614<br>New York NY 10278<br>Attn: Michael Bilik | Prejudgment Writ of Attachment | Contingent<br>Unliquidated<br>Disputed | $673,211.00 |
| Sterling National Bank<br>400 Rella Blvd.<br>Montebello NY 10901 | Vehicle liens | | $398,954.84 |
| The Westchester Bank<br>12 Water Street<br>White Plains NY 10601 | Commercial Security Agreement | | $300,000.00 |

**Exhibit 3**

**Summary of Assets and Liabilities**

# Waste Services, Inc.
# Balance Sheet
## As of December 31, 2018

|  | Dec 31, 18 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 11400 · Westchester Bank Operating | -485.75 |
| **Total Checking/Savings** | **-485.75** |
| | |
| **Other Current Assets** | |
| Loan Receivable | |
| Vendor Security Deposit | 130.00 |
| 11520 · Accounts Receivable | 901,444.43 |
| 15195 · Loan Spiezio Familly | |
| **Total Other Current Assets** | **901,574.43** |
| | |
| **Total Current Assets** | **901,088.68** |
| | |
| **Fixed Assets** | |
| Containers | 137,263.54 |
| 14105 · Trucks | 7,402,380.13 |
| 15000 · Furniture and Equipment | 8,261.83 |
| 15111 · Orgnz Costs | 117,549.00 |
| 15110 · Accumulated Amortization - Other | -117,549.00 |
| 17000 · Accumulated Depreciation | -5,385,974.00 |
| **Total Fixed Assets** | **2,161,931.50** |
| | |
| **Other Assets** | |
| employee loans | 4,601.50 |
| 15130 · Security Deposit | 5,216.34 |
| **Total Other Assets** | **9,817.84** |
| | |
| **TOTAL ASSETS** | **3,072,838.02** |
| | |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 20000 · Accounts Payable | 759,182.20 |
| **Total Accounts Payable** | **759,182.20** |
| | |
| **Credit Cards** | |
| American Express | 244,266.22 |
| American Express 11002 | 40,000.00 |
| Visa | 7,560.29 |
| **Total Credit Cards** | **291,826.51** |
| | |
| **Other Current Liabilities** | |

# Waste Services, Inc.
# Balance Sheet
## As of December 31, 2018

|  | Dec 31, 18 |
|---|---:|
| Advantage 2010 AutoCar new | 32,660.03 |
| Advantage 2014 AutoCar vin 7482 | 143,151.71 |
| Advantage 2015 AutoCar xx9427 | 185,312.34 |
| BMO Fin 2014 LeTerrapro x08070 | 167,986.79 |
| De Lage 2014 Mack MRU vin x0720 | 120,025.67 |
| De Lage 2015 Mack MRU xxx-12816 | 117,677.58 |
| De Lage 2016 Mack MRU xxx-13334 | 121,458.95 |
| Line of Credit 3 | 300,000.00 |
| Loan Pinnacle | 1,255,141.29 |
| Loan Spiezio Family | 2,968,675.74 |
| Loan to Employee | -5,400.00 |
| Mack 2015 MRU613 VIN xxxx-0920 | 158,299.85 |
| Mack 2015 x2 vin x0895 & x0896 | 329,739.11 |
| Mack Fin 2015 Mack MRU633x10921 | 156,908.41 |
| Mack GU713 xxxx-4843 | 109,194.62 |
| Mack Volvo 2015 AutoCar xx9426 | 166,604.86 |
| Signature 2015 Auto Car xxx9424 | 203,088.61 |
| Stearns 2010 AutoCar x10648 | 68,999.15 |
| Sterling 2015 Auto Car xxx9422 | 203,088.61 |
| Sterling 2015 Auto Car xxx9428 | 203,088.61 |
| 22140 · Sales Tax Payable | 19,566.37 |
| **Total Other Current Liabilities** | 7,025,268.30 |
|  |  |
| **Total Current Liabilities** | 8,076,277.01 |
|  |  |
| **Total Liabilities** | 8,076,277.01 |
|  |  |
| **Equity** |  |
| Additional Paid in Capital | 516,773.23 |
| Shareholder Contributions | 294,237.19 |
| 30100 · Capital Stock | 863,661.91 |
| 31400 · Shareholder Distributions | -967,432.97 |
| 32000 · Retained Earnings | -5,795,544.88 |
| Net Income | 84,866.53 |
| **Total Equity** | -5,003,438.99 |
|  |  |
| **TOTAL LIABILITIES & EQUITY** | 3,072,838.02 |

# Exhibit 4

# Pending or Threatened Litigation

*National Labor Relations Board v. R&S Waste Services, LLC, et al.*, United States District Court, Southern District of New York, Case No. 18-MC-596(AT).

*Trustees of the Local 813 Insurance Fund et al. v. R&S Waste Services, et al.*, United States District Court, Southern District of New York, Case No. 18-CV-07678.

*John Valentino v. ECSI America, Inc., et al.*, United States District Court, Southern District of New York, Case No. 18-CV-10353.

*Westchester County Solid Waste Commission v. Waste Services, Inc.*, Violation No. 50/2018.

# Exhibit 5

# Schedule of Receipts and Disbursements for 30 Days

Waste Services, Inc.
# MONTHLY BUDGET

February 2019

| BUDGET TOTALS | ESTIMATED | ACTUAL | DIFFERENCE |
|---|---:|---:|---:|
| Income | 638,673.00 | 638,673.00 | 0.00 |
| Expenses | 625,100.00 | 625,100.00 | 0.00 |
| Balance (Income minus Expenses) | 13,573.00 | 13,573.00 | 0.00 |